# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-cv-80494-DMM**

**HOWARD COHAN,**

      **Plaintiff,**

**v.**

**OFFICE DEPOT, INC.,**

      **Defendant.**

_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), is entered into by and between Plaintiff, Howard Cohan and Defendant, Office Depot Inc., on the date last executed below ("Effective Date").

WHEREAS, Office Depot is the lessee of the below-listed properties and/or operates Office Depot retail stores at the below-listed properties:

1. 260 Congress Avenue, Boynton Beach, Florida 33426

2. 17801 Biscayne Boulevard, North Miami Beach, Florida 33160

3. 1771 E. Hallandale Beach Boulevard, Hallandale Beach, Florida 33009

4. 2627 Okeechobee Boulevard, West Palm Beach, Florida 33409

5. 9545 Westview Drive, Coral Springs, Florida 33076

6. 914 N. Federal Highway, Fort Lauderdale, Florida 33304

7. 953 E. McNab Road, Pompano Beach, Florida 33060

8. 3900 Oakwood Boulevard, Hollywood, Florida 33020

9. 14539 Military Trail, Delray Beach, Florida 33484

10. 16 E. Golf Road, Suite B, Schaumburg, Illinois 60173

11. 352 W. Grand Avenue, Chicago, Illinois 60654

12. 3245 N. State Road 7, Lauderdale Lakes, Florida 33319

13. 1110 S. Federal Highway, Delray Beach, Florida 33483

14. 3051 NW Federal Highway, Jensen Beach, Florida 34957

15. 101A N. State Road 7, West Palm Beach, Florida 33414

(hereinafter collectively referred to as "the Properties"); and

WHEREAS, Cohan has sued Office Depot and claimed that there are architectural barriers existing at the Properties[1] that constitute violations of the Americans with Disabilities Act as amended ("ADA"), that unlawfully limit Plaintiff's access to the Properties ("Lawsuit");

WHEREAS, Office Depot has denied these allegations and could raise defenses thereto; and

NOW THEREFORE, Cohan and Office Depot (collectively "Parties" and individually "Party") wishing to mutually resolve all matters in dispute, and without any admission of liability or wrongdoing, have agreed to the following terms and conditions:

**A.      Modifications to the Properties**

Office Depot agrees to examine the Properties as necessary to determine whether the violations identified in the Lawsuit exist and to make appropriate changes if such violations exist within twenty-four (24) months of the Effective Date of this Agreement.

The examination and any required alterations by Office Depot will completely resolve all of Cohan's potential claims concerning the Properties.  Cohan expressly waives any claims for

---

[1]      Plaintiff initially included an Office Depot store located at 20455 State Road 7, Boca Raton, Florida 33498. However, Plaintiff has agreed to omit that property from the lawsuit and from the terms of this Agreement as it was included in a prior lawsuit and resulting settlement with another party.

any further alterations to the Properties that could have been brought prior to the Effective Date of this Agreement.

In the event that Cohan believes at any time in the future that any conditions at the Properties constitute a violation of the accessibility requirements of Title III of the Americans with Disabilities Act ("ADA") or contends that there has been a failure to comply with any other terms of this Agreement, Cohan's counsel shall provide written notice to Office Depot's counsel detailing the claimed violation(s) or breach(es). Office Depot shall thereafter have ninety (90) days to cure such alleged violation or breach.

Should Office Depot's and Cohan's counsel disagree as to any potential modification or as to any other provision of this Agreement, the matter may be taken before a Federal District Court for a binding determination. In any proceedings in any way connected with the obligations or rights identified in this Paragraph of the Agreement, each party shall bear their own costs and attorney's fees.

**B.**      **Full Release**

For and in consideration of the covenants contained herein, and in consideration of the total payment described in Section C below, Cohan and his successors, assigns, heirs, agents, attorneys, and any other person claiming by or through any of the foregoing persons or otherwise purporting to represent Cohan, hereby release, acquit and forever discharge Office Depot, its agents, employees, contractors, independent contractors, consultants, experts, heirs, executors, officers, successors-in-interest, shareholders, directors, attorneys, insurers, indemnitors, predecessors, assignees, insurers, franchisors, successors, subsidiaries, parents, divisions, affiliates, partners, managers, members, and/or administrators, of and from any and all past, present, and future rights, actions, causes of actions, claims, allegations, demands, damages,

costs, expenses, attorney fees (alleged or incurred), penalties, liens, and liabilities relating in any way to the Properties, including but not limited to, those specifically alleged by Cohan in the Lawsuit.

Example of claims released by this Section include physical or mental injury, pain and suffering, prejudgment interest, compensatory damages, penalties, interest, punitive and exemplary damages, insurance and/or reinsurance coverage, benefits, premiums, or medical expenses for treatment Cohan may have received, or may receive in the future; this list is not exhaustive.

However, excluded from this Agreement are claims that cannot be waived by law.

C.    **Payment of Costs and Attorneys' Fees**

Office Depot shall cause to be paid to Plaintiff's counsel, Weiss Law Group, P.A., an amount in complete satisfaction of Plaintiff's claims for attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter to date and to be incurred in the future in connection with finalizing this Agreement, including obtaining Court approval of this Agreement and dismissal of the Lawsuit.  The amount to be paid shall be determined by a separate written agreement of counsel for the Parties but if no agreement is reached, then the amount will be determined by the Court ("Settlement Payment").  The Settlement Payment shall be paid to Plaintiff's counsel in the form of a check, payable to "Weiss Law Group, P.A. Trust Account" and conditioned upon an executed IRS Form W-9 from Weiss Law Group, P.A., being provided to Office Depot prior to payment.  Payment shall be delivered to Plaintiff's counsel within ten (10) business days of the date the Court enters an Order approving this Agreement and dismissing the Lawsuit, with prejudice.  The Settlement Payment satisfies any and all claims made, or which could have been made, whether monetary and/or non-monetary, including all the

claims released in Section B above, and any future claims for attorneys' fees, costs, and/or other expenses, whether known or unknown.

**D.      No Admission**

This Agreement, and the agreement of Office Depot to make the Modifications, is not and shall not be construed as an admission by Office Depot, nor any person or entity acting on their behalf, of any liability or any act of wrongdoing.

**E.      Successors & Assigns**

This Agreement shall be binding upon and inure to the benefit of the parties to this Agreement and their respective predecessors, successors and/or assigns.

**F.      Tax Liability**

Cohan takes complete responsibility for any tax liability from the receipt of any settlement monies under this Agreement.  Neither Office Depot nor its counsel has made any representation to Cohan with respect to the tax consequences of entering into this Agreement.

**G.      Invalidation**

If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations  conferred hereby.

**H.      Drafting**

The Parties acknowledge that Plaintiff and Defendant were able to draft, review and revise this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

**I.      Governing Law**

This Agreement shall be governed by and construed in accordance with the laws of the state of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the Federal Court for the United States, Southern District of Florida or in the Circuit Court in and for Palm Beach County, Florida.

**J.      Counterparts**

The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument.   Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.   Electronic signatures shall be treated as original signatures.

**K.      Construction**

The headings and captions of this Agreement are provided for convenience only and are intended to have no effect in construing or interpreting this Agreement.  The language in all parts of this Agreement shall be in all cases construed according to its fair meaning and not strictly for or against either party.

**L.      Purpose of Agreement**

It is expressly understood and agreed by the Parties that this Agreement is being entered into solely for the purpose of avoiding the costs, expense and inconvenience of further litigation and this Agreement is not to be construed as an admission of liability on the part of any person, firm, or corporation being released, such liability being expressly denied.

**M.      Warranty of Capacity to Enter into this Agreement**

Each of the Parties represents and warrants that no other person or entity has any interest

to the claims, demands, or obligations referred to in this Agreement, and that each Party has the

sole right and exclusive authority to execute this Agreement, and that each Party has not sold,

assigned, transferred, conveyed or otherwise disposed of any of the claims, demands or

obligations released or referred to in this Agreement.

DATED: 8/5/2017 _____

_____
Howard Cohan


DATED: 8/21/2017 _____

Office Depot, Inc.

By: _____

Its: Vice President _____

Firmwide:149025976.1 063095.1149                    7